FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 13 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02190-BNB

DUSTIN WILSON,

    Applicant,

v.

SHERIFF GRAYSON ROBINSON, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Dustin Wilson, is an inmate at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Wilson has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking dismissal of the criminal charges pending against him in state court and his release from custody. The Court must construe the application liberally because Mr. Wilson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Section 2241, 28 U.S.C., is a vehicle for challenging pretrial detention, *see Walck v. Edmonson*, 472 F.3d 1227, 1235 (10th Cir. 2007), or for attacking the execution of a sentence, *see Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). A § 2254 application, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

In the application, Mr. Wilson challenges his pretrial detention. Because Mr. Wilson is not attacking the validity of a conviction or sentence, his claims are not properly asserted pursuant to 28 U.S.C. § 2254. Therefore, the Court will liberally construe the application as brought under 28 U.S.C. § 2241. Nonetheless, for the reasons stated below, the application will be denied and the action will be dismissed.

Mr. Wilson alleges that charges of first degree burglary and first degree assault are currently pending against him in Arapahoe County Court Case Number D-32010-CR-2315. He asserts that his Sixth Amendment right to a speedy trial has been violated because the Arapahoe County District Attorney has been granted a continuance by the trial court. He also asserts that his equal protection rights pursuant to the Fourteenth Amendment have been violated. As relief, he requests the dismissal of the criminal charges against him.

For the reasons discussed below, the Court finds that *Younger* abstention is appropriate and will dismiss this action without prejudice. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). To establish extraordinary or special circumstances, a defendant must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Wilson alleges that the charges remain pending against him in state court. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). With respect to the third condition, Mr. Wilson fails to demonstrate that the state proceedings do not afford an adequate opportunity to present his federal claims. Accordingly, the Court finds that the state court proceeding offers Mr. Wilson a forum to raise his constitutional challenges and the adjudication of this federal lawsuit would inescapably intrude on the potential for the state court to decide the same issues. *See Younger*, 401 U.S. at 43-44; *see also Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-12 (1987) (noting that *Younger* abstention "'offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests'" (citation omitted)).

Further, no exceptions to *Younger* exist in this case. Mr. Wilson "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). However, the fact that Mr. Wilson will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury.

*See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id*. It is Mr. Wilson's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id*. at 890.

Mr. Wilson fails to demonstrate that the criminal case was commenced with no reasonable hope of success. He also fails to demonstrate, or even to allege, any improper motive for the charges. Finally, there is no indication that the criminal case against Mr. Wilson has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. Therefore, the Court finds that *Younger* abstention is appropriate in this action.

To summarize, Mr. Wilson does not allege any facts that indicate he will suffer great and immediate irreparable injury if the Court fails to intervene in the ongoing state court criminal proceedings. If Mr. Wilson ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

Accordingly, it is

ORDERED that the Application is liberally construed as brought pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the Application is denied and the action is dismissed without prejudice. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __13th__ day of __September__, 2011.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02190-BNB

Dustin Wilson
Prisoner No. 10-13298
Arapahoe County Detention Facility
PO Box 4918
Centennial, CO 80155

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on September 13, 2011.

                                      GREGORY C. LANGHAM, CLERK

                          By: _____
                                  Deputy Clerk